Dear Mayor Henagan:
Reference is made to your recent request for an Attorney General's opinion regarding the use of a portion of the proceeds of a dedicated 1/2 cent sales and use tax approved by the voters of the City of DeQuincy for the purposes specified in the tax proposition, the pertinent provisions of which provide:
 "the proceeds of the Tax to be dedicated and used for the following purposes:
 * * *
 (ii) 28% for maintaining, operating and purchasing necessary equipment for DeQuincy Memorial Hospital and/or improving the DeQuincy Memorial Hospital "
It is our understanding that the City is negotiating a sale of the DeQuincy Memorial Hospital to Camelot Healthcare, a private concern. In anticipation of the sale, you have asked this office to advise you as to what should or can be done with the proceeds of the tax dedicated as set forth above.
Please be advised that La. R.S. 39:704 provides that the proceeds of any special tax shall constitute a trust fund to be used exclusively for the objects and purposes for which the tax was levied. This office has consistently determined that sales and use tax revenues must be used in accordance with the will of electorate, and therefore said revenues can only be utilized for the purposes set forth in the proposition approved by the electorate. Attorney General's Opinions Nos. 99-80, 98-287, 96-246, 95-145, 94-540, 94-346, 93-424, 93-47 and 92-50.
In Police Jury of the Parish of Acadia v. All Taxpayers, et al. (La.App. 3rd Cir. 3/29/95), 653 So.2d 94, rehearing denied, the issue before the court was whether the language in a sales tax proposition which dedicated the proceeds of a tax "for the purpose of paying the costs of constructing acquiring, improving, maintaining and operating solid waste collection and disposal facilities for the District" was broad enough to enable the Parish to import out-of-parish waste to the Parish landfill. The Court held that, while the tax proposition was silent regarding whether out-of-parish waste could be disposed of at the landfill, it, nevertheless, did not constitute affirmative authority for such activity. In so holding, the Court stated:
 "It is a familiar principal that laws authorizing taxation are in derogation of common right; and therefore to be strictly construed. And this is especially true of laws authorizing special taxes. If, therefore, among the enumerated purposes for which a certain special tax is authorized to be levied, a certain particular purpose is not mentioned, the conclusion is inevitable that for this unnamed purpose the tax may not be levied."
Based upon the foregoing, it is the opinion of this office that the tax revenues in question, which are dedicated for "maintaining, operating and purchasing necessary equipment for and/or improving the DeQuincy Memorial Hospital," can only be utilized for that purpose. Absent a rededication of those funds by the voters, the funds in question cannot be put to any other legal purpose. In order to utilize any accumulated proceeds of the hospital's percentage of the sales tax in question and/or in order to continue collecting this sales tax, the City should have its voters rededicate the hospital's percentage of the sales tax to another purpose, by having a proposition to that effect placed before the voters at a future election.
Out of an abundance of caution, we note herein that La. R.S. 40:2115.11 through 2115.22 provides that no not-for-profit hospital shall be acquired by any person unless and until the acquisition is reviewed and approved by the Attorney General. It is the understanding of the undersigned that representatives of the City of DeQuincy have met with members of this office regarding our review of the proposed sale of DeQuincy Memorial Hospital to Camelot Healthcare, and that an application for review of the proposed sale is forthcoming to this office.
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can be of assistance to you in the future.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM 
Assistant Attorney General
JMZB/sam